# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TRAVIS REMAUL DEAN, #32082 | ) ) ) | |
| Plaintiff, | ) ) | 3:12-cv-00658-LRH-WGC |
| vs. | ) ) | |
| JACK PALMER, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This is a purported prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 28, 2013, the court dismissed the action without prejudice because plaintiff had failed to file a complaint (ECF #4), and judgment was entered (ECF #5). Plaintiff appealed, and the Ninth Circuit Court of Appeals vacated the order of this court dismissing the case and remanded with instructions that plaintiff be given leave to file an amended complaint (ECF #12). Pursuant to that order, on June 10, 2013, this court directed plaintiff to file such amended complaint within 45 days (ECF #15).

Thereafter, on June 25, 2013, plaintiff filed a motion to amend his complaint (ECF #16), an application for leave to proceed *in forma pauperis* (ECF #17) and a motion for appointment of counsel (ECF #18). A decision on the application to proceed *in forma pauperis* will be temporarily deferred. Plaintiff has already been directed to file an amended complaint, thus his motion to file an amended complaint is denied as moot.[1] Plaintiff shall have an additional thirty (30) days from the date this order is filed to file such amended complaint.

---

[1] The court notes that in any event, a plaintiff shall attach a proposed amended complaint to his or her motion for leave to file an amended complaint.

With respect to the motion for appointment of counsel, a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings.

Here, plaintiff has not yet filed a complaint in this action, thus the court cannot evaluate his claims and his ability to articulate those claims. Accordingly, plaintiff's motion for the appointment of counsel is denied without prejudice and with leave to renew.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend complaint (ECF #16) is **DENIED** as moot. Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF #18) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the following motions filed by plaintiff: application for leave to appeal *in forma pauperis* (ECF #6); motion for appointment of counsel in and for the instant appeal (ECF #7); and motion for certificate of appealability (ECF #8) are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this action may be immediately dismissed.

///

///

///

1 **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions.

DATED this 19th day of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE