# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRAVIS REMAUL DEAN,

    *Plaintiff,*

vs.

JACK PALMER, *et al.*,

    *Defendants.*

3:12-cv-00658-LRH-WGC

ORDER

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A as well as on miscellaneous motions (## 28 & 29) by plaintiff described in further detail *infra*.

## *Screening*

Following upon the Court's prior order (#26) with regard to piecemeal amendments, plaintiff has elected to proceed on the amended complaint (#21) filed on September 6, 2013, rather than the later amended complaint (#23) filed on January 24, 2014. See #27, at 2, lines 2-3; #29, at 2, lines 10-12, 17-18 & 24-27. The Court therefore will screen the September 6, 2013, amended complaint (#21). The Court will strike the January 24, 2014, amended complaint (#23) so that it is clear on the face of the record which pleading remains before the Court.

Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff Travis Remaul Dean brings three counts against, in their individual and official capacity, former Lovelock Correctional Center ("Lovelock") Warden Jack Palmer together with Correctional Officers Henry Godecke and Stephen Clark.

Count I fails to state a claim upon which relief may be granted. In Count I, plaintiff alleges that he has been denied a multitude of constitutional rights "based upon the milieu of dictatorship of employee nepotism of family, family friends, and friends at Lovelock." The three plus pages of the

count consist of similar at best conclusory and at worst meaningless jargon and present no actual factual allegations. Plaintiff alleges, for example, that "Jack Palmer and his heads have slipped almost imperceptibly in the space of only a political interzone, a [sic] extremely large dangerous unconstitutional crack in the department pavement of demoracy [sic]." The allegations that come closest to actual factual allegations assert that none of plaintiff's grievances have been denied as frivolous or malicious and that they instead have been denied because he was making allegations without facts. However, merely because grievances were not denied as frivolous or malicious does not in any sense signify that plaintiff has a viable federal constitutional claim. Further, it is established law that an inmate does not have a constitutional right to have his grievances either decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Further, an alleged violation of a state corrections department administrative regulation regarding grievance procedures does not give rise to a deprivation of a protected liberty interest for purposes of the due process clause. *See, e.g., Sandin v. Conner*, 515 U.S. 472 (1995). The largely fanciful allegations of Count I thus fail to state a claim.

Count II fails to state a claim upon which relief may be granted. In Count II, plaintiff alleges that he has been denied a multitude of constitutional rights "based upon sexual harassment and sexual assault against me by an official of the department." The count contains no non-conclusory actual factual allegations, however, regarding any such alleged sexual harassment or assault. The count instead alleges that plaintiff received a notice of charges in September 2008 written by defendant Godecke for having possession of another inmate's property. Plaintiff alleges that the charge was dismissed on December 8, 2008, for having "exceeded the time frame." Plaintiff thereafter alleges no discernible constitutional violation or actionable injury. His allegations that a grievance was returned to him for lack of a proper form and thereafter "mysteriously disappeared" fail to state a viable claim. *Ramirez, supra*. Plaintiff's conclusory allegations, *e.g.,* that "[n]evertheless, Palmer and his heads and Clark did not take my safety and concerns into consideration" state no claim for relief.

Count III also fails to state a claim upon which relief may be granted. In Count III, plaintiff similarly alleges conclusorily that he has been denied a multitude of constitutional rights "based upon sexual harassment and sexual assault against me by an official of the department." Once again, the

count contains no non-conclusory actual factual allegations, however, regarding any such alleged sexual harassment or assault. Plaintiff alleges that in March 2009 defendant Godecke and another officer directed Dean and several other inmates to put their hands on the wall and then conducted a "shake-down" [perhaps referring to a patdown] search. Plaintiff alleges that Godecke "placed his right hand on my right shoulder, and put his left hand into my front pocket, and ask me what is this?" These factual allegations state no claim for alleged sexual harassment or assault, or otherwise. Allegations that a grievance regarding the incident improperly was denied in violation of corrections department regulations, as with the prior counts, state no claim for relief. *Sandin, supra; Ramirez, supra*.

The complaint therefore fails to state a claim upon which relief may be granted in its entirety.[1]

Moreover, based upon the original December 2012, commencement date of this action, the claims all clearly are time-barred on their face. Plaintiff asserts that the alleged events in the three counts occurred in September 2008, November 2008, and March 2009, from three years and nine months to four years and three months prior to the original commencement of this action. Even allowing for possible tolling during the grievance process, the claims plainly are time-barred under the applicable two-year limitations period. The last grievance response in the attachments submitted with the amended complaint that is pertinent to the claims herein is dated May 7, 2009.

The Court will dismiss the complaint with an opportunity to amend to present, if possible, allegations that state claims that are both viable and timely.

If plaintiff submits an amended complaint, he should note the following. First, plaintiff must include all operative factual allegations within the counts themselves without incorporation of or reliance upon other documents. He may not rely upon attachments, such as copies of grievances, to state his claims. Second, with timeliness clearly at issue, plaintiff must present factual allegations that would support a finding that his otherwise plainly untimely claims instead are timely.

---

[1] In the "Nature of the Case" introductory section of the complaint, plaintiff also makes additional conclusory allegations regarding alleged confiscation of property by state correctional officers. At the outset, under the instructions for the form, all operative factual allegations must be set forth within the counts themselves. The "Nature of the Case" section of the form instead serves only to provide a summary of the claims to follow in the counts. In any event, the conclusory allegations in this introductory section of the complaint similarly fail to present any actual factual allegations stating a claim for relief.

-4-

*Pending Motions*

Plaintiff's motion (#28) for a status check of screening will be denied. Plaintiff submitted the motion approximately a month after his reply to the prior screening order. Under the local rules, plaintiff may send a letter regarding status after a matter has been submitted for sixty days. Neither the Court nor the Clerk respond to motions, letters, or requests for a status update. The Court has a heavy inmate litigation docket, and it reaches matters as promptly as its resources allow, which will not necessarily be within sixty days on all submissions. If a submission in plaintiff's case has not yet been reached, it often is because it is pending in line behind submissions by other inmates that have been pending longer than plaintiff's submission.

Plaintiff's motion (#29) for permission to proceed with pretrial discovery will be denied. Discovery does not proceed until plaintiff first presents viable claims, screening is completed, initial informal service is ordered, alternative dispute resolution efforts are completed, service for a response is directed, and a scheduling order is issued setting a discovery deadline. While plaintiff invokes Nevada state court procedural rules, this case is in federal court. Federal rules and procedures apply here, not state procedural law.

IT THEREFORE IS ORDERED that, following upon plaintiff's abandonment of the amended complaint (#23) filed on January 24, 2014, said amended complaint shall be STRICKEN.

IT FURTHER IS ORDERED that plaintiff's extant amended complaint (#21) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to an opportunity to amend. Plaintiff shall have **thirty (30) days** from entry of this order to file an amended complaint correcting the deficiencies identified in this order, to the extent possible. If an amended complaint is not timely filed or if the amended pleading does not correct the deficiencies identified in this order, final judgment will be entered dismissing the action.

IT IS FURTHER ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:12-cv-00658-LRH-WGC**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings.

1  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the
2  amended complaint no longer will be before the Court.
3      IT FURTHER IS ORDERED that plaintiff's pending motions (## 28 & 29) both are DENIED.[2]
4      The Clerk shall SEND plaintiff two copies of a § 1983 complaint form along with one copy of
5  the instructions and of #21.
6      DATED this 2nd day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's pauper application (#17) remains under submission at this time.